DEUTSCH, APPELLANT, v. DEUTSCH, APPELLEE.

(No. 9848—Decided March 28, 1966.)

Mr. Leonard L. Lipschutz, for appellant.
Mr. Aaron M. Wiesen, for appellee.

HOVER, J.  This is an appeal on questions of law.  Plaintiff, appellant herein, hereinafter referred to as the husband, appeals an order of the court below directing that he pay a fee of $150 to the attorney for the defendant, appellee herein, who is the husband's divorced wife.  The order was made pursuant to a motion in the lower court requesting a contempt citation against the husband for failure to pay certain installments of alimony.

In April 1964, the husband was decreed a divorce from his wife.  On a cross-petition for alimony only, the wife was awarded a lump sum in cash, certain property, a substantial allowance for the expense of litigation, including her attorney fees, and also the sum of $60 per week for a maximum period of five hundred twenty-four weeks by way of additional alimony.  The alimony installments were ordered paid directly to the court.

The present motion was filed June 24, 1965, at which time the court records indicated the husband to be four or five weeks in arrears.  On June 28, the husband was notified to appear in

court on July 14, 1965, to show cause why a contempt citation should not issue. The court records indicate that two days later, on June 30, 1965, the husband paid almost the entire amount due to the court. He then paid into court, on July 13, 1965, that is, the day before the hearing, the total accrued during the pendency of the motion. There is no dispute as to these facts.

The court on its own motion on the hearing day continued the matter until September 15, 1965, at which time the court adjudged the husband to be in contempt, that the contempt was intentional and willful, and that the husband had purged himself thereof by paying the amounts due in full prior to the date of the July 14 hearing. No evidence was offered or received relative to the contempt itself. The amount due, together with a complete record of payments made, was, at all times, a matter primarily within the court's own records. The court itself, had it chosen to do so, could have, *sua sponte*, initiated the contempt proceeding in the normal course of business. Services of the attorney consisted solely of filing a motion calling the court's attention to its own record.

Whether the court has inherent power to allow an attorney fee at all on a contempt proceeding is not decided, even though applicant counsel had been substituted for the original counsel in the case who had received a substantial payment for services rendered in effecting the original alimony order. Any allowance of fees is at all times a matter of sound discretion. The allowance of a fee in this case, under these circumstances and in this amount, is neither sound nor reasonable, but is on the other hand arbitrary and excessive.

Accordingly, the order of the court below, entered October 18, 1965, is modified to the extent of striking therefrom the last paragraph thereof directing the payment of an additional fee to defendant's new attorney.

*Judgment accordingly.*

HILDEBRANT, P. J., and LONG, J., concur.